No. 2014-1802

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

APPLE INC., a California corporation,

*Plaintiff-Appellant*,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

*Defendants-Appellees.*

Appeal from the United States District Court for the Northern District of California in No. 5:12-cv-00630, Judge Lucy H. Koh.

**PLAINTIFF-APPELLANT APPLE INC.'S OPPOSITION TO MOTION OF GOOGLE INC., *ET AL*. TO FILE *AMICUS CURIAE* BRIEF SUPPORTING SAMSUNG'S PETITION FOR REHEARING *EN BANC***

|  |  |
|---|---|
|  | RACHEL KREVANS<br>ERIK J. OLSON<br>NATHAN B. SABRI<br>CHRISTOPHER L. ROBINSON<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>(415) 268-7000 |
| November 3, 2015 | *Counsel for Plaintiff-Appellant Apple Inc.* |

# CERTIFICATE OF INTEREST

Counsel for Plaintiff-Appellant Apple Inc. certifies the following:

1. The full name of every party or amicus represented by us is:

   Apple Inc.

2. The names of the real party in interest represented by us is:

   Not applicable

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

   None

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

   WILMER CUTLER PICKERING HALE AND DORR LLP:  Thomas E. Anderson, Rebecca Bact, Heath A. Brooks, Anna Bonny Chauvet, Andrew J. Danford, Ronald R. Demsher (former), Mark C. Fleming, Lauren B. Fletcher, Adele R. Frankel, Sarah R. Frazier, Liv L. Herriot, Peter J. Kolovos, Gregory H. Lantier, Anna Tin-Yee Lee (former), William F. Lee, Andrew L. Liao, Cosmin Maier, Joseph J. Mueller, Richard W. O'Neill, John P. Pettit, Kevin S. Prussia, James L. Quarles, III, Katie M. Saxton, Mark D. Selwyn, Peter J. Shen (former), Michael J. Silhasek, Victor F. Souto, Thomas G. Sprankling, Timothy D. Syrett, Nina S. Tallon, Timothy A. Tatarka, Olga L. Tobin, S. Calvin Walden, David C. Yang, Kathryn D. Zalewski

   GIBSON, DUNN & CRUTCHER LLP:  Jordan H. Bekier, Brian M. Buroker, Frederick S. Chung, Emily L. Fedman (former), Megan K. Fluckiger, Joshua R. Furman (former), Holly A. Jones, Stephanie J. Kim, Steven S. Kim (former), Josh A. Krevitt, Jeffrey G. Lau, Jason C. Lo, Quincy Lu, H. Mark Lyon, Shannon E. Mader, Timothy W. Malone (former), Casey J. McCracken, Azar Mouzari, Mark Nolan Reiter, Jennifer J. Rho, Sarah J. Sladic, Rodney J. Stone, Daniel J. Thomasch, Paul E. Torchia, Michael A. Valek, Robert Vincent, Samuel K. Whitt, Minae Yu

M<span>ORRISON</span> & F<span>OERSTER</span> LLP:  James P. Bennett, Ruth N. Borenstein, Brittany N. DePuy (former), Efrain Staino Flores, Richard S.J. Hung, Michael A. Jacobs, Esther Kim, Matthew I. Kreeger, Rachel Krevans, Kenneth A. Kuwayti, Scott F. Llewellyn, Jack W. Londen, Harold J. McElhinny, Erik J. Olson, Mary Prendergast, Christopher L. Robinson, Nathaniel B. Sabri, Nicole M. Smith, Christopher J. Wiener

C<span>OOLEY</span>, G<span>ODWARD</span>, K<span>RONISH</span> LLP:  Benjamin George Damstedt

S<span>KIERMONT</span> P<span>UCKETT</span> LLP:  Sarah Elizabeth Spires

Dated:  November 3, 2015　　　　　　　　/s/ Rachel Krevans
　　　　　　　　　　　　　　　　　　　　R<span>ACHEL</span> K<span>REVANS</span>

Plaintiff-Appellant Apple Inc. respectfully opposes the request of Google, Inc. to file an *amicus* brief on behalf of itself and a group of other companies supporting Samsung's petition for rehearing *en banc*. Google has a strong interest in this particular case, is not an impartial "friend of the Court," and should not be permitted to expand Samsung's word limit under the guise of an *amicus* brief. Google and its associates have also tendered their amicus brief without first consulting Apple and, accordingly, in violation of this Court's rules. *See* Fed. R. Cir. R. 27(a)(5), 29. This lapse provides an independent ground to reject Google's amicus brief.

Although courts generally allow *amici* to submit amicus briefs, they do so on the assumption that each *amicus* is "an impartial friend of the court—not an adversary party in interest in the litigation." *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (emphasis omitted). But when a party with a direct interest in the outcome of the litigation seeks to file as *amicus*, courts have not hesitated to deny leave to file. *See WildEarth Guardians v. Lane*, No. CIV 12-118 LFG/KBM, 2012 U.S. Dist. LEXIS 189661, at *11 (D.N.M. June 20, 2012) (denying motion for leave and noting, *inter alia*, proposed *amicus* was "not a disinterested entity"); *American Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (1991) (denying motion to leave where proposed *amicus* was "not a disinterested stranger" but was "intimately involved in the facts and circumstances leading to

the pending lawsuit"). Policing the filing of improper *amicus* briefs is important, not least because such briefs, "often solicited by parties, may be used to make an end run around court-imposed limitations on the length of parties' briefs." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003) (Posner, J., in chambers); *see also National Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000) (denying request for leave to file amicus briefs because it was "an end run around [the court's] order denying permission to file an oversized brief"); *see also Glassroth v. Moore*, 347 F.3d 916, 919 (11th Cir. 2003) (criticizing use of amicus briefs "as a means of evading the page limitations on a party's briefs").

Although Google does not say so in this motion, it is a business partner of Samsung's. When requesting permission to file an amicus brief during the initial briefing for this appeal, Google admitted that "Google is the developer of Android, a platform for mobile devices such as smartphones and tablet computers, and ***particular versions of Android running on the Samsung products that are the subject of the Order***." Dkt. 74 at 4 (emphasis added). In another litigation between Apple and Samsung, Google boasted that "Google has invested substantial resources in developing the Android Ice Cream Sandwich software on the Samsung Galaxy Nexus smartphone." Mot. for Leave to File Brief of *Amicus Curiae* & Non-Party Google Inc. in Support of Defendants-Appellants at 1, *Apple*

*Inc. v. Samsung Elecs. Co.*, No. 2012-1507 (Fed. Cir.) (Dkt. 56, July 20, 2012). Google's ability to recruit others to join its brief does not change the situation.[1]

Indeed, Google played a direct role in the underlying case. It indemnified Samsung for two of the patents that were asserted at trial. Dkt. 78 at 2. Google also supplied Samsung with a witness—Dianne Hackborn, a Principal Software Engineer—who testified regarding the subject matter of the '647 patent, which is one of the patents at issue in this appeal. *Id.*

Allowing an interested party like Google to act as *amicus* is even more problematic where the proposed *amicus* brief supports a petition for rehearing *en banc*, which is subject to a strict 15-page limit. *See* Fed. R. App. P. 35(b)(2). Samsung's petition used 14 and a half of the pages available to it. *See* Dkt. 110. Google's improper submission increases Samsung's submission by a further 10 pages, nearly two-thirds again what the Rule permits.

Apple respectfully submits that this Court should not permit Samsung to expand its baseless attack on the panel's decision through a self-interested proxy submission, and that such a submission is not helpful to the Court. Indeed, while this Court has allowed Google to participate as an *amicus* in earlier phases and iterations of this litigation, Apple submits that the reasons for not permitting

---

[1] Indeed, Google is the business partner of a number of the other signatories of the amicus brief. *E.g.*, Dkt. 78 at 2 n.1.

Google to file an amicus brief are stronger now at the en banc petition stage where Google had this extent of involvement at the district court level.

Finally, Google and its associates have tendered their *amicus* brief in violation of this Court's rules by failing to consult with Apple beforehand. Federal Circuit Rule 27(a)(5) makes clear that each motion "***must*** state … that the movant has discussed the motion with the other parties, whether any party will object, and whether any party will file a response." (Emphasis added.) Relatedly, Federal Circuit Rule 29 requires amici curiae to either receive "all parties …consent[]" to file a brief or file a motion with this Court requesting leave to file. Yet Apple's counsel have not been contacted by Google and its associates' counsel. Indeed, Apple had no hint that such a brief would be filed until Google's principal counsel filed his entry of appearance at 5:43 p.m. ET on the day the amicus brief was due. *See* Dkt. 121.[2] At a minimum, then, Google's tendered brief should be rejected for failure to follow this Court's rules.

---

[2] Google's counsel is undoubtedly aware of this requirement because the same lead counsel represented Google during the initial briefing of this case and expressly included a statement in the motion for leave to file an amicus brief representing that Google's counsel "contacted counsel for Apple to obtain consent for the filing of this brief." Dkt. 74 at 6.

## CONCLUSION

The "Motion for Leave To File Brief Of *Amici Curiae* ASUSTeK Computer Inc., eBay, Inc., Facebook, Inc., Google Inc., HTC America, Inc., HTC Corporation, Lenovo Inc., Newegg Inc., And Red Hat, Inc. In Support Of Defendants-Appellees' Petition For Rehearing *En Banc*" should be denied.

Respectfully submitted,

/s/ Rachel Krevans
RACHEL KREVANS
ERIK J. OLSON
NATHAN B. SABRI
CHRISTOPHER L. ROBINSON
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
(415) 268-7000

November 3, 2015

*Counsel for Plaintiff-Appellant Apple Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that, on this 3rd day of November, 2015, I filed the foregoing with the Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

/s/ Rachel Krevans
RACHEL KREVANS
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
(415) 268-7000

ActiveUS 149289008v.2